FILED

JUN 0 6 2019

Clerk, U.S District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 13-97-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| BRANDON WAYNE GLOVER, | |
| Defendant. | |

## I. Synopsis

Defendant Brandon Wayne Glover (Glover) has been accused of violating the conditions of his supervised release. Glover admitted alleged violations 1 and 3. Glover's supervised release should be revoked. Glover should be placed in custody for 6 months, with 54 months of supervised release to follow.

## II. Status

Glover pleaded guilty to Possession with Intent to Distribute Methamphetamine on January 9, 2014. (Doc. 20). The Court sentenced Glover to 80 months of custody, followed by 5 years of supervised release. (Doc. 32). Glover's current term of supervised release began on February 14, 2019. (Doc. 38 at 1).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Glover's supervised release on May 20, 2019. (Doc. 38). The Petition alleged that Glover had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by having access to dangerous weapons; and 3) by knowingly interacting with a person convicted of felony without first obtaining the approval of his probation officer.

**Initial appearance**

Glover appeared before the undersigned for his initial appearance on June 5, 2019. Glover was represented by counsel. Glover stated that he had read the petition and that he understood the allegations. Glover waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 5, 2019. Glover admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; and 2) by knowingly interacting with a person convicted of felony without first obtaining the approval of his probation officer. The government moved to dismiss alleged violation 2. The Court granted the motion.

The violations admitted by Glover are serious and warrant revocation of Glover's supervised release.

Glover's violations are Grade C violations. Glover's criminal history category is IV. Glover's underlying offense is a Class B felony. Glover could be incarcerated for up to 36 months. He could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Glover's supervised release should be revoked. Glover should be incarcerated for 6 months, with 54 months of supervised release to follow. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Glover that the above sentence would be recommended to Judge Morris. The Court also informed Glover of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Glover that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Glover stated that he wished to waive his right to

object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Brandon Wayne Glover violated the conditions of his supervised release: by using methamphetamine; and by knowingly interacting with a person convicted of felony without first obtaining the approval of his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Glover's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 6 months, with 54 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 6th day of June, 2019.

John Johnston
United States Magistrate Judge